# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> v. <br><br> JEFF NORTH, <br><br>      **Defendant.** | 1:16-cr-309-WSD |

## OPINION AND ORDER

This matter is before the Court on Defendant Jeff North's ("Defendant") Motion to Exclude evidence of his prior felony convictions [73]; Motion In Limine to prohibit impeachment regarding evidence of his prior convictions [74]; and Motion to Sever Counts [75]. Also before the Court is the Government's Motion in Limine to Exclude Evidence and Testimony to preclude Defendant from impeaching a government witness [76].

## I.  BACKGROUND

On May 26, 2016, a grand jury in the Northern District of Georgia returned a three-count indictment [13] charging Defendant with Carjacking in violation of 18 U.S.C. § 2119(1) (Count 1); Discharging a Firearm During a Federal Crime of Violence in violation of 18 U.S.C. §§ 924(c)(l)(A)(i), (ii), and (iii) (Count 2); and Possession of a Firearm by a Convicted Felon in violation of 18 U.S.C.

§§ 922(g)(1) and 9224(e) (Count 3). The Indictment alleges that, on or about March 23, 2015, Defendant shot Johnny Dansby ("Dansby") and stole his vehicle.

Defendant has six prior felony convictions:

1. On April 8, 1985, Defendant pled guilty to aggravated assault, simple battery, and criminal interference with property. (See [70] at 3).

2. On February 9, 1987, the Defendant pled guilty in Fulton County, Georgia Superior Court to aggravated assault, possession of a firearm during the commission of a felony, and possession of a firearm by a convicted felon. (See [79.1]).

3. On October 9, 1995, the Defendant pled guilty in Fulton County, Georgia Superior Court to possession of a firearm by a convicted felon. (See [79.2]).

4. On November 12, 1998, the Defendant pled guilty in Fulton County, Georgia Superior Court to armed robbery, aggravated battery, aggravated assault, and possession of a firearm by a convicted felon. (See [79.3]).

5. On August 6, 2004, the Defendant was convicted of possession of cocaine with the intent to distribute. (See [79.4]).

6. On October 3, 2013, the Defendant pled guilty in Fulton County, Georgia Superior Court to possession of cocaine and heroin with the intent to distribute. (See [79.7]).

October 16, 2017, Defendant filed three motions. The first was his Motion to Exclude Evidence of Mr. North's Prior Felony Convictions. ([73]). In its Response [79], the Government noticed its intent to introduce evidence of Defendant's three prior felon-in-possession convictions to show the Defendant's

"motive, opportunity, intent, preparation, plan, knowledge, identity," and to establish "the absence of mistake or accident" in the Defendant's conduct.

Defendant also filed his Motion to Sever, seeking to sever Counts One and Two from Count Three. ([75]).

Defendant next filed his Motion in Limine – Impeachment by Mr. North's Criminal History [74] to prohibit the Government from impeaching Defendant with evidence of his prior convictions.

Also on October 16, 2017, the Government filed its Motion in Limine to Exclude Evidence and Testimony to prohibit Defendant from impeaching Dansby regarding certain prior convictions as well as his failure to appear at evidentiary hearings held on January 12, 2017 [35] and March 1, 2017 [43], causing Defendant to obtain a material witness warrant. ([76]). These motions are addressed separately below.

**II. DISCUSSION**

   A. <u>Defendant's Motion *in Limine* to Exclude Evidence of Mr. North's Prior Felony Convictions</u>

Defendant moves the Court to exclude evidence of his six prior convictions for various drug, assault, and firearms charges. Defendant argues that he will be unfairly prejudiced if the jury learns of these convictions. He has offered to stipulate to his status as a felon. ([73] at 1).

3

1. Legal Standard

Under Rule 404(b), "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). However, "[t]his evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Id. 404(b)(2).

> To admit evidence under Rule 404(b), three conditions must be met: (1) the evidence must be relevant to an issue other than the defendant's character; (2) the act must be established by sufficient proof to permit a jury finding that the defendant committed the extrinsic act; and (3) the probative value of the evidence must not be substantially outweighed by its undue prejudice and must meet the other requirements of Rule 403.

United States v. Rodriguez, 452 F. App'x 883, 886 (11th Cir. 2012) (citing United States v. Matthews, 431 F.3d 1296, 1310-11 (11th Cir. 2005) (per curiam)).[1] The Court applies this three-prong test to the Rule 404(b) evidence sought to be introduced by the Government.

---

[1] Rule 403 states that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

2.  Analysis

The Government seeks to offer Defendant's 1987, 1995, and 1998 felon-in-possession convictions as evidence of his knowledge and intent to possess the firearm and the absence of mistake or accident.[2]  To convict Defendant of this offense, the Government must prove that he knowingly possessed a firearm. 18 U.S.C. § 922(g); United States v. Hunter, 373 F. App'x 973, 977 (11th Cir. 2010).  Defendant has "never admitted to or stipulated to the fact that he knowingly and intentionally possessed the firearm found by [the Government in this case]."  United States v. Taylor, 417 F.3d 1176, 1182 (11th Cir. 2005). Defendant's plea of not guilty, entered on September 9, 2016, "placed this element of the § 922(g) offense in issue."  United States v. Jernigan, 341 F.3d 1273, 1281 n.7 (11th Cir. 2003); (see [16]).  The Eleventh Circuit has held repeatedly that the Government is entitled to prove this offense element by introducing evidence of a defendant's past conviction for possessing a firearm as a convicted felon.  See Taylor, 417 F.3d at 1182; Jernigan, 341 F.3d at 1281-82.  "[T]he fact that [defendant] knowingly possessed a firearm . . . on a previous occasion makes it

---

[2]  The Government appears to only seek the admission of Defendant's 1987, 1995, and 1998 felon-in-possession convictions.  Accordingly, Defendant's motion to exclude testimony regarding his 1984, 2004, and 2013 convictions is denied as moot.

5

more likely that he *knowingly* did so this time as well, and not because of accident or mistake." Jernigan, 341 F.3d at 1282. Evidence of Defendant's prior conviction meets the first prong of the test because the conviction is "relevant to an issue other than [Defendant's] character." Rodriguez, 452 F. App'x at 886; see, e.g., United States v. Perrier, 619 F. App'x 792, 796 (11th Cir. 2015).

Under the second test prong, "the act must be established by sufficient proof to permit a jury finding that the defendant committed the extrinsic act." Rodriguez, 452 F. App'x at 886. The Government has submitted documentary evidence that Defendant pleaded guilty to, and was convicted of, being a felon in possession of a firearm. ([79.1-3]). This is sufficient proof that he committed the offense of which he was convicted. See United States v. Calderon, 127 F.3d 1314, 1332 (11th Cir. 1997) ("It is elementary that a conviction is sufficient proof that [defendant] committed the prior act. The fact that the conviction was based on a guilty plea is inconsequential.") (citations omitted).

As to the third test prong, whether the probative value of the prior bad act evidence is not substantially outweighed by unfair prejudice, the Court also finds in favor of the Government. Defendant's prior conviction is highly probative because he has placed his intent at issue by pleading not guilty to the charged offenses, and his prior conviction is for the same firearm offense with which he is

6

charged in this case. See United States v. Edouard, 485 F.3d 1324, 1345 (11th Cir. 2007) (admission of Rule 404(b) evidence was proper because of the "overall similarity of the charged and extrinsic offenses," and because the defendant contested the issue of intent by pleading not guilty to the offenses charged); see also United States v. Lampley, 68 F.3d 1296, 1300 (11th Cir.1995) (concluding that a fifteen-year time period, between the extrinsic bad act and the offenses charged, did not render the extrinsic acts too remote for admission under Rule 404(b)). Defendant's prior convictions are also probative of his motive and plan to commit the carjacking.

To address any perceived prejudice, the Court will give an appropriate limiting instruction to the jury. See United States v. South, 295 F. App'x 959, 969 (11th Cir. 2008) ("The risk of undue prejudice can be reduced by a district court's limiting instruction, and this court will presume the jury follow[s] the court's instructions."); Edouard, 485 F.3d at 1346 ("[A]ny unfair prejudice possibly caused by admitting evidence of Edouard's prior smuggling activities was mitigated by the district court's limiting instruction to the jury.").[3] The probative

---

[3] The Court intends to give the following limiting instruction: The Government has introduced evidence of Mr. North's previous convictions for illegal possession of a firearm. This evidence is allowed for a limited purpose. You may consider it only in determining whether Mr. North's alleged firearm

7

value of Defendant's convictions for the offense of possessing a firearm while a convicted felon is not substantially outweighed by a danger of undue prejudice, and evidence of the convictions is admissible under Rule 404(b). See United States v. Alfaro-Moncada, 607 F.3d 720, 734 (11th Cir. 2010) (exclusion under Rule 403 "is an extraordinary remedy which the district court should invoke sparingly, and the balance should be struck in favor of admissibility") (quoting United States v. Dodds, 347 F.3d 893, 897 (11th Cir. 2003)).

    B.    <u>Defendant's Motion to Sever</u>

        1.    Legal Standard

Rule 8(a) of the Federal Rules of Criminal Procedure allows for the joinder of offenses in an indictment returned against a defendant. Rule 8(a) provides:

> The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged—whether felonies or misdemeanors or both—are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

Fed. R. Crim. P. 8(a). Rule 14 of the Federal Rules of Criminal Procedure allows severance. It provides:

---

possession was done knowingly and on the issue of whether he had a plan or motive to commit the carjacking for which he is charged.

8

> If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide other relief that justice requires.

Fed. R. Crim. P. 14.

"Rule 8(a) is broadly construed in favor of the initial joinder." United States v. Dominquez, 226 F.3d 1235, 1238 (11th Cir. 2000). Charges, however, may be severed if joinder prejudices the defendant. Fed. R. Crim. P. 14(a). Relief under Rule 14 is available where there is a showing that a joint trial will cause the defendant undue prejudice. United States v. Marszalkowski, 669 F.2d 655 (11th Cir. 1982); see also United States v. Buchanan, 930 F.Supp. 657, 667 (D. Mass. 1996) (substantial prejudice required for severance). The burden on the defendant to show that he will suffer prejudice is a heavy one. United States v. Hogan, 986 F.2d 1364, 1375 (11th Cir. 1993). Claimed prejudice can often be addressed by a court by appropriate limiting instructions to assure a jury will consider the charge sought to be severed separately and to not allow evidence or commission of the separate crime to be used in reaching a verdict on the other charge or charges for which the evidence is not relevant. United States v. Silien, 825 F.2d 320, 323 (11th Cir. 1987).

2. Analysis

Defendant seeks to sever Counts One and Two, the carjacking and use of a weapon, from Count Three, the felon-in-possession charge. Defendant does not argue that the initial joinder of the three counts was improper under Fed. R. Crim. P. 8. Instead, he argues that joinder of Count Three would improperly prejudice him because in order to convict on Count Three, the Government would have to prove that he has a prior felony conviction. He argues that the jury's knowledge that Defendant has a prior felony conviction would prejudice him because "many of his prior convictions involve violent offenses that sound violent in nature, which is what is charged in Count One." ([75] at 3).

The Court finds that appropriate preliminary instructions and the charge before deliberations can adequately advise the jury that they must consider the charges separately and require the Government to prove each charge beyond a reasonable doubt. The Court concludes that Defendant's claimed prejudice can be addressed by instructing the jury that each count is to be considered separately and must be separately proven by the Government beyond a reasonable doubt. See Silien, 825 F.2d at 323; United States v. Walser, 3 F.3d 380, 387 (11th Cir. 1983) ("[I]f the possible prejudice may be cured a cautionary instruction severance is not required."). Defendant fails to show that the joinder of Counts One and Two with

10

Count Three will cause Defendant undue prejudice, and Defendant's Motion to Sever is denied.

### C. Defendant's Motion to Prohibit Impeachment with Evidence of Prior Convictions

#### 1. Legal Standard

Rule 609 "appl[ies] to attacking a witness's character for truthfulness by evidence of a criminal conviction." Fed. R. Evid. 609(a); see United States v. Preston, 608 F.2d 626, 639 (5th Cir. 1979) ("[E]vidence of prior convictions is admitted under Rule 609(a)(1) solely for purposes of attacking credibility.").[4]

Rule 609(b) of the Federal Rules of Evidence prohibits the admission of evidence of past convictions for impeachment purposes if the convictions are more than ten years old, "unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect." Fed. R. Evid. 609(b). In applying this balancing test, courts consider a variety of factors, such as "(1) The impeachment value of the prior crime; (2) The point in time of the conviction and the witness' subsequent history; (3) The similarity between the past crime and the charged crime; (4) The importance of the defendant's testimony; [and] (5) The

---

[4] In Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

centrality of the credibility issue." United States v. Pritchard, 973 F.2d 905, 909 (11th Cir. 1992).

"In this circuit, there is a presumption against the use of prior crime impeachment evidence over ten years old; such convictions 'will be admitted very rarely and only in exceptional circumstances.'" United States v. Pritchard, 973 F.2d 905, 908 (11th Cir. 1992) (quoting United States v. Tisdale, 817 F.2d 1552, 1555 (11th Cir. 1987)). "The danger in admitting stale convictions is that while their remoteness limits their probative value, their prejudicial effect remains." Pritchard, 973 F.2d at 908. "The jury, despite limiting instructions, can hardly avoid drawing the inference that the past conviction suggests some probability that defendant committed the similar offense for which he is currently charged." Id.

The older the conviction, the less likely it is to be probative. See United States v. Beahm, 664 F.2d 414, 419 (4th Cir. 1981) (finding that the defendant's almost-ten-year-old conviction was inadmissible due, in part, to its temporal remoteness). The proponent must show "exceptional circumstances justifying the use of an over-age prior conviction." United States v. Hairston, 627 F. App'x 857, 860 (11th Cir. 2015).

Where a defendant's credibility is central to the case, this favors admitting evidence of his convictions. See United States v. Johnson, 302 F.3d 139, 152-53

12

(3d Cir. 2002) (holding that evidence of defendant's conviction was properly admitted because his "[c]redibility was a major issue at trial"); United States v. Pritchard, 973 F.2d 905, 909 (11th Cir. 1992) (finding that because "[t]he crux of this case was a credibility issue, . . . [the defendant's] criminal record . . . took on special significance").

    2.    Analysis

Here, Defendant's 1985 and 1987 convictions are each over 30 years old. The Court notes first that the Government does not intend to introduce the 1985 conviction and thus the motion to prohibit its use to impeach is denied as moot. The Government does intend to introduce the 1987 illegal possession of a firearm conviction for the limited purpose of proving Defendant knowingly possessed the firearm charged in this case. A limiting instruction will be given in the form stated in footnote 3 in this Order. Because of the age of his conviction the Government may not use or refer to the 1987 conviction for impeachment purposes.

In addition to being over twenty years old, Defendant's 1995 conviction for possession of a firearm by a convicted felon, and his 1998 conviction for armed robbery, aggravated battery, aggravated assault, and possession of a firearm by a convicted felon are substantially similar to the present offenses for which Defendant is to be tried. The Government has not met the high burden of showing

that the probative value of Defendant's convictions for such conduct substantially outweighs their prejudicial effect and they are excluded. See Preston, 608 F.2d at 639 & n.18 ("The risk of prejudice may be particularly high where, as here, the former crime is of the same nature as the one for which defendant is being tried.").

Defendant's 2004 and 2013 drug convictions occurred within ten years of trial, and therefore are admissible "if the probative value of the evidence outweighs its prejudicial effect to that defendant." Fed. R. Evid. 609(a)(1)(B). The Government argues that the credibility of Defendant's testimony if he testifies may be central to its case. It argues that Defendant may pit his version of the facts against that of Dansby. See Pritchard, 973 F.2d at 909 n.6 (citing cases and noting "the importance of the credibility factor when the defendant's testimony is pitted against that of the government witnesses"); United States v. Barnes, 622 F.2d 107, 109 (11th Cir. 1980) (finding defendant's "credibility was crucial, for his version of the facts directly contradicted that of the prosecution witnesses"). Defendant thus may be cross-examined on them if he testifies at trial. They are not unduly prejudicial and the Court will give a limiting instruction[5] stating that the convictions may only be considered for impeachment.

---

5     "I have allowed evidence of two convictions of Defendant for drug offenses. You may consider this evidence only on the question of Defendant's credibility."

D. Government's Motion in Limine to Exclude Evidence and Testimony Regarding Dansby

The Government seeks to prohibit Defendant from impeaching Dansby through evidence of certain of his prior convictions and his failure to appear at evidentiary hearings.

1. Analysis of Dansby's Prior Convictions

The Government states that "Dansby has a dated criminal record that includes several convictions." ([76] at 1). It seeks to exclude evidence into (1) Dansby's May 2012 misdemeanor for theft of property, and (2) Dansby's criminal convictions which are over ten years old.[6]

First, the Government argues that for Dansby's convictions over ten years old, "[t]here is no plausible argument that the probative value of these convictions substantially outweigh their prejudicial effect, so as to overcome Rule 609(b)'s ten-year time limit." Id. at 3. Defendant argues that Dansby's convictions for drug possession—the most recent of which occurred in 1999—are highly probative

---

[6] The Government does not dispute that impeachment based on Dansby's February 2008 felony conviction for filing a false report of criminal wrongdoing is proper. Defendant also does not argue that he be permitted to impeach Dansby based on his 2012 misdemeanor. This conviction was for a misdemeanor that did not include an element of dishonesty. See United States v. Sellers, 906 F.2d 597, 603 (11th Cir. 1990) ("It is established in this Circuit . . . that crimes such as theft, robbery, or shoplifting do not involve 'dishonesty or false statement' within the meaning of Rule 609(a)(2).").

15

"because they are directly related to the offense Mr. North is charged with. Mr. Dansby was using cocaine on the night Mr. North was arrested." ([82] at 4). This argument is unconvincing given this circuit's presumption against the admission of felony convictions over ten years old. See Pritchard, 973 F.2d at 908. The prejudice attendant to Dansby's conviction for drug possession almost 19 years ago substantially outweighs its probative value.

Defendant argues that Dansby's 2012 "conviction" for forgery should be admitted because it is an offense that has an element involving dishonesty. ([82] at 4-5). As the Government points out, Dansby was only arrested and held on that charge, not convicted of it. See United States v. Eubanks, 876 F.2d 1514, 1516-17 (11th Cir. 1989) (inappropriate for prosecutor to question defendant about prior arrests that did not result in convictions). This evidence is excluded.

2. Analysis of Dansby's Failure to Report for Two Evidentiary Hearings and His Receipt of a Per Diem

Finally, the Government seeks to preclude questioning about Mr. Dansby's failure to appear at two separate evidentiary hearings. Under Rule 608(b), a defendant may be permitted to inquire into specific bad acts of a witness only if these acts are probative of truthfulness. Fed. R. Evid. 608(b). The Government cites numerous decisions holding that disobedience of a court order is not probative of truthfulness or untruthfulness, and thus not an appropriate basis for

16

impeachment under Fed. R. Evid. 608(b). ([76] at 4). Defendant does not cite any authority that this evidence is admissible, and this Court does not find that it is.

Defendant next seeks to question Dansby about the fact that he received and cashed a *per diem* check before he failed to appear in court for the evidentiary hearing. ([82] at 5-6). The Government does not object to questioning Dansby about the *per diem* he received and cashed as a result of Defendant's material witness warrant. ([87] at 3).

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant's Motion to Exclude Evidence of Mr. North's Prior Felony Convictions [73] is **DENIED**. It is **DENIED AS MOOT** with respect to Defendant's 1984 and 2004, and 2013 convictions. It is **DENIED** with respect to Defendant's 1987, 1995, and 1998 felon-in-possession convictions. The Government is allowed to introduce the evidence of Defendant's 1987, 1995, and 1998 felon-in-possession convictions as evidence of his knowledge, intent, and absence of mistake or accident with regard to his possession of the firearm and ammunition charged in the indictment.

**IT IS FURTHER ORDERED** that the Defendant's Motion to Sever Counts [75] is **DENIED.**

**IT IS FURTHER ORDERED** that the Defendant's Motion to Prohibit Impeachment with Evidence of Prior Convictions [74] is **GRANTED IN PART** and **DENIED IN PART**. It is **GRANTED** with respect to Defendant's 1984, 1987, 1995, and 1998 convictions. It is **DENIED** with respect to Defendant's 2004 and 2013 convictions.

**IT IS FURTHER ORDERED** that the Government's Motion in Limine to Exclude Evidence and Testimony [76] is **GRANTED IN PART** and **DENIED IN PART**. It is **GRANTED** regarding Dansby's convictions that are over ten years old, his 2012 forgery charge, and his failure to appear at two evidentiary hearings. It is **DENIED AS MOOT** regarding Dansby's 2012 misdemeanor conviction for theft of property and evidence regarding the *per diem* check.

**SO ORDERED** this 9th day of November, 2017.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE