# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> v. <br><br> JEFF NORTH, <br>             **Defendant.** | 1:16-cr-309-WSD |

## OPINION AND ORDER

This matter is before the Court on Defendant Jeff North's ("Defendant") Motion to File Out of Time ("Motion to File") [94] and Motion to Preclude Gun-Shot Residue Analysis Opinion Evidence (the "Daubert Motion") [94.1].

## I. BACKGROUND

On May 26, 2016, a grand jury in the Northern District of Georgia returned a three-count indictment [13] charging Defendant with Carjacking in violation of 18 U.S.C. § 2119(1) (Count 1); Discharging a Firearm During a Federal Crime of Violence in violation of 18 U.S.C. §§ 924(c)(l)(A)(i), (ii), and (iii) (Count 2); and Possession of a Firearm by a Convicted Felon in violation of 18 U.S.C. §§ 922(g)(1) and 9224(e) (Count 3). The Indictment alleges that, on or about March 23, 2015, Defendant shot Johnny Dansby and stole his vehicle.

On March 23, 2015, swabs from Defendant's hands were submitted to the Georgia Bureau of Investigation, Division of Forensic Sciences for a gunshot residue ("GSR") analysis. The sealed samples were later analyzed by Microanalyst Alexander Covin. Mr. Covin completed an official report detailing the method of analysis, results, and conclusions. ([97.1]). Mr. Covin's primary trainer and Manager and Acting Director of the Trace Evidence Section, Michael McCarriagher, independently reviewed the evidence, report, and all associated documentation. (Id.).

The GSR report was provided to Defendant at his arraignment hearing on September 9, 2016. The report states that the samples taken from Defendant's hands were tested for the presence of particles characteristic of GSR. It details the test method used ("scanning electron microscopy/energy dispersive x-ray spectroscopy") and summarizes the results (the examination "revealed three particles characteristic of GSR"). It also summarized the analysts' opinion that the examination of the samples:

> revealed the presence of particles characteristic of [GSR]. This supports the possibility that the individual discharged a firearm, was in close proximity to a firearm upon discharge, or came into contact with an item whose surface bears GSR.

([97.1]).

On September 20, 2017, the Court ordered [69] that this case be placed on the Court's December 5, 2017 trial calendar. The Court further ordered that the parties file, by October 16, 2017, motions *in limine* and motions to exclude evidence or testimony.

On October 20, 2017, the Government officially noticed Mr. McCarriagher and Mr. Covin as experts who would testify in the area of gunshot residue and provided copies of their CVs. The Government also provided backup notes, data, and other information. (See [97.4]).

On November 13, 2017, Defendant filed his Motion to File, [94] in which he moved for leave to file the Daubert Motion beyond the October 16, 2017, deadline. The Defendant attached his Daubert Motion [94.1] to the Motion to File. In his Daubert Motion, Defendant argues that the Government's disclosures related to the GSR analysis fail to comply with Rule 16 of the Federal Rules of Criminal Procedure. He also seeks discovery and a hearing regarding the admissibility of Mr. McCarriagher's[1] testimony under Rule 702 of the Federal Rules of Evidence.

---

[1] Defendant's Daubert Motion addresses testimony from Mr. Covin at trial. The Government "intends to call [Mr.] McCarriagher to testify in the Government's case in chief" and currently does not expect to call Mr. Covin. This Order will address Defendant's objections to Mr. Covin as if they were to Mr. McCarriagher.

By docket entry on November 13, 2017, the Court ordered that the Government respond to the Motion to File by noon on November 16, 2017.

On November 16, 2017, the Government responded to the Daubert Motion. (See [97]).

On November 17, 2017, Defendant filed his Reply [100].

## II. DISCUSSION

The Daubert Motion is currently before the Court. Defendant seeks a hearing on the admissibility of Mr. McCarriagher's testimony regarding the presence of gunshot residue on Defendant on the grounds that the Government's expert is not qualified to offer his opinion and the opinions are otherwise inadmissible under Federal Rule of Evidence 702. Defendant also requests discovery on the tests used, including "a summary as required by Rule 16 of the Federal Rules of Criminal Procedure."

### A. Legal Standard

Rule 16(a)(1)(G) of the Federal Rules of Criminal Procedure "imposes specific disclosure requirements on the government with regards to expert witnesses that the government plans to utilize at trial." United States v. Holland, 223 F. App'x 891, 893 (11th Cir. 2007). The rule provides, in pertinent part, that, "[a]t the defendant's request, the government must give to the defendant a written

summary of any [expert] testimony that the government intends to use." Id. The "summary" provided by the government must include the expert witness's "opinions, the bases and reasons for those opinions, and the witness's qualifications." Id. The commentary to the Rule further provides that the government's summary "should cover not only written and oral reports, tests, reports, and investigations, but any information that might be recognized as a legitimate basis for an opinion...." Id., Advisory Comm. Notes, 1993 Amendment.

Expert opinion testimony is governed by Rule 702 of the Federal Rules of Evidence and Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993). Under Rule 702, expert testimony is admissible if: (1) the expert is qualified to testify regarding the subject matter of his testimony; (2) the methodology that the expert used to reach his conclusions is sufficiently reliable; and (3) the expert's testimony will assist the trier of fact in understanding the evidence or in determining a fact at issue. United States v. Scott, 403 F. App'x 392, 397 (11th Cir. 2010) (citing United States v. Frazier, 387 F.3d 1244, 1260 (11th Cir. 2004)) (en banc); Fed. R. Evid. 702. The Government has the burden to meet each of the admissibility requirements. See Scott, 403 F. App'x at 397-98.

The second prong requires the district court to make a preliminary determination on whether the expert's methodology is reliable. Scott, 403 F.

App'x at 397. In Daubert, the Supreme Court provided a non-exclusive list of factors for the district court to consider:

> (1) whether the expert's theory can be and has been tested; (2) whether the theory has been subjected to peer review and publication; (3) the known or potential rate of error of the particular scientific technique; and (4) whether the technique is generally accepted in the scientific community.

Frazier, 387 F.3d at 1262. These factors are only general guidelines, and the trial judge has "considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable." Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 152 (1999).

A court may conduct a hearing on a Daubert motion, but one is not automatically granted. See Corwin v. Walt Disney Co., 475 F.3d 1239, 1252 n.10 (11th Cir. 2007) ("although they are often helpful, [Daubert] hearings are not prerequisite to such determinations under the Federal Rules or established law"); Cook ex rel. Estate of Tessier v. Sheriff of Monroe County, 402 F.3d 1092, 1113 (11th Cir. 2005) (noting that trial court was under no obligation to hold a Daubert hearing, although such hearings may be helpful in complicated cases involving multiple experts).

B.   The Government's Disclosures Comply With Rule 16

The pretrial disclosure provided by the Government includes a clear summary of the method of analysis, results, and opinions. The GSR report was provided to Defendant at his arraignment hearing on September 9, 2016. It discloses that the evidence analyzed was a "[s]ealed GSR collection kit identified as containing samples from the hands of Jeff North." ([97.1]). The report concluded that "three particles characteristic of GSR" were revealed on the sample, supporting the analyst's opinion that "the individual discharged a firearm, was in close proximity to a firearm upon discharge, or came into contact with an item whose surface bears GSR." (Id.). It further states that the "method of analysis" used to arrive at this conclusion was by "scanning electron microscopy/energy dispersive x-ray spectroscopy (SEM/EDS) and analyzed for elemental composition and particle morphology." (Id.). The report notes that the "evidence, report and all associated documentation have been reviewed by primary trainer, Michael McCarriagher." (Id.). The Government also provided copies of Mr. McCarriagher's and Mr. Covin's CVs. (See [97.2-3]). Finally, the Government supplied thirty additional pages of notes and underlying data. (See [97.4]).

The Government met its pretrial disclosure obligations under Rule 16. United States v. Campbell, No. 1:04-CV-0424-RWS, 2006 WL 346446, at *1

(N.D. Ga. Feb. 13, 2006) ("Rule 16 does not mandate a comprehensive recitation of every nuance and detail that will make up an expert's testimony, or which may be drawn out on cross-examination.").

C. Expert Discovery and a Daubert Hearing Are Unnecessary

Defendant requests discovery and a hearing on the admissibility of expert opinions related to the GSR report. A hearing is not required every time a party raises a Daubert objection. See Corwin v. Walt Disney Co., 475 F.3d 1239, 1252 n.10 (11th Cir. 2007); Cook ex rel. Estate of Tessier v. Sheriff of Monroe County, 402 F.3d 1092, 1113 (11th Cir. 2005).

Here, the Government has proffered sufficient information to allow this Court to qualify Mr. McCarriagher in his area of expertise. It set forth how it plans to present Mr. McCarriagher's qualifications, training, experience, and the methodology employed in conducting his analysis and reaching his conclusions. (See [97] at 7-8). The Court is satisfied that Mr. McCarriagher has the requisite experience and training to offer opinions on the presence of GSR. "Over the course of [Mr.] McCarriagher's ten-plus years as a forensic scientist, he has conducted more than 1,200 GSR analyses and he has testified in court and been qualified as a GSR expert approximately eighty times." ([97] at 7).

Applying the Daubert criteria, the Court finds that Mr. McCarriagher's opinion is reliable. Defendant does not cite any authorities or other information that the GSR analysis is unreliable, non-scientific, or that it does not have broad acceptance in the forensic community. Defendant mentions "[t]hree reports issued in 2008, 2009, and 2016 . . . have called into question the reliability of many forensic 'sciences' previously admitted without much doubt." ([100] at 2-3). Defendant does not demonstrate that these reports cast cognizable doubt on the reliability of Mr. McCarriagher's method.[2] Defendant also does not rebut other cases submitted by the Government in which courts have admitted expert testimony regarding GSR testing similar to that which it intends to be offered at this trial in this case. See, e.g., United States v. Flowers, 235 Fed. App'x 965, 967 (4th Cir. 2007); United States v. Eldridge, 2013 WL 6096520, at *7-8 (W.D.N.Y. Nov. 20, 2013).

To the extent that Defendant seeks to attack the credibility and accuracy of the results of the GSR analysis, these matters can be the subject of "vigorous cross

---

[2] See, e.g., President's Council of Advisors on Science and Technology, Forensic Science in Criminal Courts: Ensuring Scientific Validity of Feature-Comparison Methods 104 (September 2016) (questioning reliability of examiners' "attempt to determine whether ammunition is or is not associated with a specific firearm based on toolmarks produced by guns on the ammunition"—not primer residue analysis).

9

examination, presentation of contrary evidence, and careful instructions on the burden of proof." Daubert, 509 U.S. at 596.[3]

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant's Motion to File Out of Time [94] is **DENIED AS MOOT.**

**IT IS FURTHER ORDERED** that the Defendant's Motion to Preclude Gun-Shot Residue Analysis Opinion Evidence [94.1] is **DENIED.**

**SO ORDERED** this 17th day of November, 2017.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

[3] Defendant has failed to justify the expense and delay caused by pretrial discovery, especially given that Defendant was aware of the GSR report for over a year.