# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

UNITED STATES OF AMERICA,

v.

JEFF NORTH,

        Defendant.

1:16-cr-309-WSD

## OPINION AND ORDER

This matter is before the Court on Defendant Jeff North's ("Defendant") Notice of Intent to Offer 404(b) Evidence and Impeachment Evidence [92] (the "Motion").

## I.   BACKGROUND

On May 26, 2016, a grand jury in the Northern District of Georgia returned a three-count indictment [13] charging Defendant with Carjacking in violation of 18 U.S.C. § 2119(1) (Count 1); Discharging a Firearm During a Federal Crime of Violence in violation of 18 U.S.C. §§ 924(c)(l)(A)(i), (ii), and (iii) (Count 2); and Possession of a Firearm by a Convicted Felon in violation of 18 U.S.C. §§ 922(g)(1) and 9224(e) (Count 3).  The Indictment alleges that, on or about March 23, 2015, Defendant shot Johnny Dansby and stole his vehicle.

On November 6, 2017, Defendant filed the Motion noticing his intent to offer,[1] under Rules 404(b) and 608 of the Federal Rules of Evidence, evidence concerning Dansby's February 2008 conviction for filing a false report of criminal wrongdoing.

On November 9, 2017, the Court ruled on several motions *in limine* and motions to exclude evidence or testimony [93]. In that order, the Court held, *inter alia*, that Defendant was permitted to impeach Dansby based on Dansby's February 2008 conviction. (Id. at 15 n.6).

On November 16, 2017, the Government responded to the Motion. (See [102]).

On November 20, 2017, Defendant filed his reply brief [104]. Defendant attached to his reply brief what is purportedly a fifteen-page series of Texarkana, Arkansas police reports detailing Dansby's February 2008 report of being kidnapped while operating a taxi cab, his interview with police following the incident, and the later investigation and arrest for filing a false report (the "Dansby

---

[1]  The Court notes that the characterization of the Motion as a "Notice" under Rule 404 of the Federal Rules of Evidence is improper. Such notice is only required to be filed by the Government. See Fed. R. Evid. 404 ("On request by a defendant in a criminal case, the prosecutor must . . . provide reasonable notice of the general nature of any such evidence that the prosecutor intends to offer at trial"). The Motion would have been more appropriately a motion *in limine*, which was due to be filed on or before October 16, 2017. (See [69]).

2

Police Reports"). ([104.1]). Defendant also included what are apparently documents from the Circuit Court of Miller County, Arkansas, detailing Dansby's charge, disposition, and guilty plea (the "Miller County Documents"). ([104.2]). Defendant states no reason why these documents were not attached to the Motion. They should have been.

## II. DISCUSSION

Defendant seeks to offer evidence of Dansby's 2008 conviction "as both substantive evidence under 404(b) and as impeachment evidence under 608." ([92] at 1). The Government has conceded that Defendant may properly impeach Dansby based on his 2008 conviction under Rule 609. ([93] at 15 n.6; [102] at 1). Thus, before the Court is only the issue of whether the Dansby Police Reports and the Miller County Documents are admissible. ([104.1-2]).

A. Legal Standard

Rule 404(b) of the Federal Rules of Evidence regulates the admission of evidence of other crimes, wrongs, or acts:

> Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character. . . . This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

3

Fed. R. Evid. 404. "Although the standard for admission is relaxed when the evidence is offered by a defendant . . . the party advancing the evidence must demonstrate that it is not offered to prove the character of a person in order to show action in conformity therewith." United States v. Cohen, 888 F.2d 770, 776 (11th Cir. 1989) (internal citation omitted). "In considering whether a defendant should be permitted to introduce extrinsic evidence under Fed. R. Evid. 404(b), a district court should consider whether the evidence bears 'special relevance' to the defendant's guilt, and whether there are any other practical means by which the defendant could prove his point." United States v. Aguirre, 368 F. App'x 979, 990 (11th Cir. 2010) (citing Cohen, 888 F.2d at 775-76) (holding, in tax evasion case, that district court did not abuse its discretion by excluding extrinsic evidence that government witness filed fraudulent tax returns for various individuals, reasoning that defense impermissibly sought to show that the witness had a particular character trait, and that he must have acted in conformity with that trait when he handled defendant's tax returns).

Rule 608 governs the admissibility evidence regarding a witness's character for untruthfulness. It provides: "Except for a criminal conviction under Rule 609, extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness." Fed.

4

R. Evid. 608. Rule 609 goes on to state that "for any crime regardless of the punishment, the evidence must be admitted if the court can readily determine that establishing the elements of the crime required proving—or the witness's admitting—a dishonest act or false statement."

B.  Analysis

Defendant fails to articulate one of Rule 404(b)(2)'s permitted purposes for which to offer substantive evidence of Dansby's 2008 conviction. Defendant merely repeats the factors of the rule without elaborating on a purpose. For example, Defendant states, "[t]he proposed 404(b) evidence shows Mr. Dansby's motive, opportunity, intent, preparation, plan, knowledge, and common scheme of reporting false reports of crimes. The evidence shows that Mr. Dansby knows how to falsify a police report because he has done so in the past." ([92] at 5; see also [104] at 3). This is not a sufficient basis to admit the Dansby Police Reports or the Miller County Documents.

Defendant's reliance on Cohen to admit these materials is misplaced. In Cohen, the defendant and government's witness were charged with and convicted of crimes related to a wire fraud and tax evasion scheme. Cohen, 888 F.2d at 772. The court held it was error for the district court to exclude evidence of the witness's prior participation in a similar scheme because it was offered to show

5

that the witness was capable of concocting and conducting such a scheme without the aid of the defendant. Id. at 776. In Cohen, the witness's prior conviction was offered to prove that the witness had the *opportunity* to commit the charged offense alone, without the aid of the defendant—it was not offered to prove action in conformity with that behavior.

Here, Defendant has not stated a similar non-character use for the evidence of Dansby's false report. Instead, Defendant plans to offer the evidence to prove that Dansby fabricated his story to the police during the alleged carjacking and shooting. In other words, Defendant attempts to show that on the date of the alleged carjacking, Dansby acted in conformity with his prior act of filing a false police report. This use of the evidence is squarely within Rule 404(b)'s prohibition. Defendant also has not shown that the extrinsic evidence of Dansby's conviction bears "special relevance" to Defendant's guilt. See Aguirre, 368 F. App'x at 991 (defendant's proposed evidence that government witness made fraudulent statements on client tax returns did not bear a special relevance to the issue of his guilt).

The extrinsic evidence of Dansby's conviction also is inadmissible under Rules 403. "Evidence that is otherwise admissible under Rule 609(a)(1) is to be excluded 'if its probative value is substantially outweighed by the danger of unfair

prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.'" United States v. Burston, 159 F.3d 1328, 1336 (11th Cir. 1998) (quoting Fed. R. Evid. 403). The publication to the jury of the Dansby Police Reports and the Miller County Documents carries a significant risk of prejudice to the Government, confusion of the issues, and misleading the jury. See also United States v. Jeri, 869 F.3d 1247, 1262 (11th Cir. 2017) (under Rule 611, the district court has "wide latitude to impose reasonable limits on such cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness'[s] safety, or interrogation that is repetitive or only marginally relevant") (internal citation and quotation omitted). The Dansby Police Reports and the Miller County Documents contain lengthy narratives that risk unfair prejudice and would mislead the jury about and distract them from the facts of the case. See United States v. Waloke, 962 F.2d 824, 830 (8th Cir.1992) (district court may exclude evidence under Rule 403 if it would cause undue delay or lead to collateral mini trials).

While evidence of the 2008 conviction is not permissible under Rule 404(b), it may be the proper subject of impeachment during cross examination of Dansby to attack his character for truthfulness. Thus, Dansby's 2008 conviction is more

appropriately the subject of impeachment under Rule 609, as the Government has conceded.

Despite conceding that Defendant may impeach Dansby by questioning him about this conviction, the Government seeks to limit the scope of questioning to only "the name of the offense, its elements, the date committed, and the punishment imposed" ([102] at 1) and argues that extrinsic evidence of the 2008 felony conviction is inadmissible under 608(b), (Id. at 2).

The Court finds that Defendant's questioning may be permissible beyond the four information elements described by the Government. The case cited by the Government stands for the proposition that the nature of a conviction is highly probative of a witness's truthfulness. Burston, 159 F.3d at 1335 ("The implicit assumption of Rule 609 is that prior felony convictions have probative value. Their probative value, however, necessarily varies with their nature and number.") While the Defendant may not offer extrinsic evidence of the conviction, he is permitted reasonable latitude in inquiring about the nature of Dansby's conviction during cross examination. The Government may object to cross-examination questions and the Court will rule on them at that time.

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant's Notice of Intent to Offer 404(b) Evidence and Impeachment Evidence [92] is **DENIED**.

**IT IS FURTHER ORDERED** that extrinsic evidence of Johnny Dansby's 2008 felony conviction for filing a false police report, specifically the Dansby Police Reports and the Miller County Documents, are excluded. Defendant may ask about the conviction on cross examination, subject to objections that the Government may assert at trial.

**SO ORDERED** this 21st day of November, 2017.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE