**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| JEFF NORTH,<br><br>v.<br><br>UNITED STATES OF AMERICA, | Criminal Action No.<br>1:16-CR-00309-SDG |

**OPINION AND ORDER**

This matter is before the Court on Jeff North's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 [ECF 149]. For the reasons stated below, the motion is **DENIED**.

**I.    BACKGROUND**

On September 6, 2016, a federal grand jury indicted Jeff North on three counts: carjacking, in violation of 18 U.S.C. § 2119(1); discharging a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c); and, being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e).[1] Notably with regard to the felon in possession charge, North's indictment did not

---

[1]    ECF 13 (Indictment).

allege that North knew of his status as a felon at the time he possessed the subject firearm, nor did it cite to the penalty provision contained in 18 U.S.C. § 924(a)(2).[2]

North's case proceeded to trial, during which the Government read into the record the parties' agreed-upon stipulation that North "had been previously convicted of a crime punishable by imprisonment for a term exceeding one year within the meaning of Title 18 United States Code Section 922(g)(1)."[3] North testified in his own defense and, during cross-examination, North admitted to three prior felon-in-possession convictions.[4] On December 7, 2017, the jury found North guilty on all three counts.[5] United Stated District Judge William S. Duffey, Jr. subsequently sentenced North to imprisonment for 300 months.[6] North appealed his conviction to the Eleventh Circuit on various grounds, but he did not raise on direct review any alleged deficiency concerning the indictment or any

---

[2] *Id.* at Count III.
[3] ECF 126 (Trial Tr. Vol. II), at 140:21–24.
[4] *Id.* at 209:17–210:15; 213:17–20.
[5] ECF 120.
[6] ECF 134.

failure to prove at trial that he knew of his status as a felon at the time he possessed the subject firearm.[7] The Eleventh Circuit affirmed North's conviction.[8]

North filed this habeas petition under § 2255, moving the Court to vacate, set aside, or correct his sentence.[9] North asserts that, following the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019), the absence of the knowledge-of-status element in his indictment and at trial makes his conviction under § 922(g) constitutionally invalid.[10] North argues that the absence of that element from his indictment is a jurisdictional defect that violates the Fifth Amendment's indictment clause.[11] North further contends that this defect led to violations of his fair trial rights under the Fifth and Sixth Amendments.[12] Lastly, North claims that *Rehaif* applies retroactively and, therefore, his § 2255 motion is timely.[13]

---

[7]   ECF 146.

[8]   *Id.*

[9]   ECF 149.

[10]  *Id.* at 1.

[11]  *Id.* at 1–2.

[12]  *Id.* at 2, 8.

[13]  *Id.* at 10.

The Government responds to North's motion by maintaining that a *Rehaif* error is not jurisdictional.[14] Since the error is not jurisdictional, the Government asserts that North is barred from bringing his *Rehaif* claim under the procedural default rule.[15] The Government further asserts that, even if North had not procedurally defaulted, his claim fails under plain error review.[16]

## II. DISCUSSION

### a. *Rehaif v. United States*

In *Rehaif*, the Supreme Court addressed the knowledge requirement under 18 U.S.C. § 922(g) and § 924(a)(2). Section 922(g) provides that "[i]t shall be unlawful" for certain individuals to possess firearms. The provision lists nine categories of individuals subject to the prohibition, including any person "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 922(g)(1). Section 924(a)(2) states that "[w]hoever *knowingly* violates" § 922(g) can be fined and/or imprisoned for no more than ten years. 18 U.S.C. § 924(a)(2) (emphasis added).

---

[14] ECF 152, at 4.

[15] *Id.* at 7.

[16] *Id.* at 11. The Government also asserts that any error was harmless. *Id.* at 19. However, the Court need not address this argument because it finds that North has failed to overcome the procedural default rule.

Based on the use of the term "knowingly" in § 924(a)(2), the Supreme Court "conclude[d] that in a prosecution under 18 U.S.C. §§ 922(g) and 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Rehaif*, 139 S. Ct. at 2200. Prior to *Rehaif*, federal courts agreed that a defendant must have knowingly possessed the firearm to be found guilty under § 922(g). *Id.* at 2196 ("[E]veryone agrees that the word 'knowingly' applies to § 922(g)'s possession element . . . ."). However, *Rehaif* interpreted the knowledge requirement under § 924(a)(2) to extend to the defendant's relevant status under § 922(g) as well.

The parties do not dispute that North's claim is timely made, in that it was asserted within one year from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). The Supreme Court has not explicitly determined that *Rehaif* retroactively applies to cases on collateral review. The Eleventh Circuit has held that *Rehaif* is not a "new rule of constitutional law" sufficient to support a second or successive § 2255 motion. *In re Palacios*, 931 F.3d 1314, 1315 (11th Cir. 2019); *In re Wright*, 942 F.3d 1063, 1064–65 (11th Cir. 2019). However, the circuit court has

not determined whether *Rehaif* applies retroactively to petitioners filing their first § 2255 motion.

For purposes of this motion, the Court assumes *Rehaif* is retroactive, making North's claim timely. However, as explained below, even with that assumption, North is not entitled to the relief he seeks.

### b. Jurisdictional Defect

North claims his indictment contains a jurisdictional defect made apparent by *Rehaif*. Specifically, he argues that the felon-in-possession count was defective because it did not include *Rehaif*'s knowledge-of-status element or cite to § 924(a)(2).[17]

"A jurisdictional defect is one that 'strip[s] the court of its power to act and ma[kes] its judgment void.'" *McCoy v. United States*, 266 F.3d 1245, 1249 (11th Cir. 2001) (quoting *Escareno v. Carl Nolte Sohne GmbH & Co.*, 77 F.3d 407, 412 (11th Cir. 1996)). Such defects "cannot be waived or procedurally defaulted." *McCoy*, 266 F.3d at 1249. In determining whether a defect in an indictment is jurisdictional, the central question is whether the indictment charged the defendant with a criminal

---

17   ECF 149, at 5–7.

offense against the laws of the United States. *United States v. Brown*, 752 F.3d 1344, 1353 (11th Cir. 2014).

Following the parties' briefing, the Eleventh Circuit published its opinion in *United States v. Moore*, 954 F.3d 1322 (11th Cir. 2020). In *Moore*, the defendant put forth the same jurisdictional defect arguments on direct appeal of an indictment that did not include the knowledge-of-status element or a citation to § 924(a)(2). *Moore*, 954 F.3d at 1332. The Eleventh Circuit underwent an extensive review of its precedent, including the cases cited in the parties' briefing here, before rejecting the argument that the absence of the knowledge-of-status element in the indictment constitutes a jurisdictional defect. *Id.* at 1332–37. The appellate court explained, "[u]ltimately: the law is clear: the omission of an element in an indictment does not deprive the district court of subject matter jurisdiction. A defective indictment only affects jurisdiction when it fails to allege an offense against the United States." *Id.* at 1336. Additionally, the court noted that *Rehaif* itself implies that failure to include the element is non-jurisdictional. *Id.* at 1336–37 ("Had the defect in *Rehaif*—the same defect we consider here—been jurisdictional, the Supreme Court would have ruled on that ground rather than on the merits.").

The Eleventh Circuit also rejected the argument that an indictment charging a defendant under § 922(g) without reference to § 924(a)(2) is defective. *Id.* at 1337. The court held that "[t]he Supreme Court neither stated nor intimated that 18 U.S.C. § 922(g) is not a criminal prohibition." *Id.* at 1337. Rather, § 924(a)(2) is the statute that "cannot stand alone as the sole criminal offense, because it is confined to stating the penalties for violating [§ 922(g)]." *Id.*

For the reasons explained by the Eleventh Circuit in *Moore*, the Court finds that the absence of the knowledge-of-status element in North's indictment does not amount to a jurisdictional defect. The Court further rejects North's argument that the Government erred by indicting him under § 922(g) without citing to the penalty provision contained in § 924(a)(2) because North's indictment cited to the penalty provision contained in § 924(e).[18] Therefore, even if *Rehaif* had held that

---

[18] ECF 13, at 2–3. The Court is not convinced *Rehaif*'s knowledge-of-status element even applies to this case because North's conviction relied on § 924(e) rather than § 924(a)(2). Unlike § 924(a)(2), § 924(e) does not contain a "knowingly" modifier. *See United States v. Dowthard*, 948 F.3d 814, 818 n.1 (7th Cir. 2020) (noting that § 924(e) "has no express scienter requirement, 'knowingly' or otherwise" but finding that it need not decide whether *Rehaif* applies to § 924(e) convictions because the government conceded error); *MacArthur v. United States*, No. 1:12-CR-00084-JAW, 2020 WL 1670369, at *8 (D. Me. Apr. 3, 2020) (noting *Rehaif* might not apply to § 924(e) convictions); *Webster v. Streeval*, No. CV 0:19-111-HRW, 2019 WL 5848060, at *2 n.4 (E.D. Ky. Nov. 7, 2019) (holding that *Rehaif* does not apply to § 924(e)). However, the Court will not further address this issue because the parties failed to argue it

§ 922 cannot be charged on its own without a penalty provision, that holding would not affect the validity of North's indictment since he was charged with violating § 924(e).

### c. Procedural Default Rule

Since North cannot show a jurisdictional defect, the Court must determine whether North is procedurally barred from bringing constitutional claims. "Under the procedural default rule, a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding." *Lynn v. United States*, 365 F.3d 1225, 1234 (11th Cir. 2004).

"Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either cause and actual prejudice, or that he is actually innocent." *Bousley v. United States*, 523 U.S. 614, 622 (1998) (citations omitted). North acknowledges that he did not raise a claim regarding the omission of the knowledge-of-status element on direct review.[19] However, North contends that he

---

and the Government appears to concede error.

19   ECF 149, at 12 n.44.

is still entitled to relief because he can demonstrate cause and actual prejudice.[20] As the Court finds that North cannot show actual prejudice, it need not determine whether he has shown cause for his default. *United States v. Frady*, 456 U.S. 152, 168 (1982).

In order to demonstrate actual prejudice, North must show that the failure to include the knowledge-of-status element in his indictment and jury instructions "worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Id*. at 170. North urges the Court to limit its review to the trial evidence and claims that the evidence fails to show that North knew of his felony offenses.[21] Contrary to North's assertion, the Eleventh Circuit has made clear that courts "may consult the entire record when considering the effect of an error on appellants' substantial rights." *Moore*, 954 F.3d at 1337 (citing *United States v. Reed*, 941 F.3d 1018, 1021 (11th Cir. 2019)). Regardless, a review of both the evidence presented during the trial and contained in the entire record results in the same conclusion: the uncontroverted fact that North knew of his felony status. Therefore, any *Rehaif* error did not create an actual and substantial disadvantage.

---

[20] *Id*.

[21] ECF 154, at 16 n.56.

North's Pre-Sentence Report (PSR) and the sentencing hearing describe North's prior felony convictions in detail. North's PSR shows that he had six felony convictions before his trial.[22] North did not object to the PSR's recitation of his prior convictions.[23] *United States v. Beckles*, 565 F.3d 832, 844 (11th Cir. 2009) ("Facts contained in a [PSR] are undisputed and deemed to have been admitted unless a party objects to them before the sentencing court with specificity and clarity.") (citation omitted). Three of North's previous convictions were for being a felon in possession of a firearm and he had spent well over one year in prison.[24]

Additionally, North's criminal history was discussed extensively during sentencing because North objected to his designation as an armed career criminal.[25] North argued that his convictions for aggravated assault, aggravated battery, and robbery did not constitute a "violent felony" as that term is defined

---

[22] ECF 138 (PSR), ¶¶ 43–53.

[23] *Id*. at 29–30.

[24] The parties do not state exactly how many years North spent in prison prior to this conviction and it is unclear from the PSR given his supervised release revocations and overlapping sentences. However, the Government's brief opposing North's motion to exclude evidence of his prior felony convictions states that he was incarcerated for at least 15 years from 1987 to his arrest for the underlying crimes in March 2015. ECF 79, at 11.

[25] U.S. Sentencing Guidelines Manual § 4B1.4(a) provides that "[a] defendant who is subject to an enhanced sentence under the provisions of 18 U.S.C. § 924(e) is an armed career criminal."

under § 924(e).[26] The Court heard arguments from both sides regarding North's prior convictions before concluding that both aggravated assault and aggravated battery qualify as violent felonies and applying the sentencing enhancement under § 924(e).[27] During the sentencing hearing, North did not contend that he was not guilty of those crimes, objecting only to their classification as "violent felonies."

Finally, even if the Court was limited in its review to the evidence admitted at trial, North's knowledge of his status would be evident. During the trial, the Government read into the record the following stipulation:

> As of March 23rd, 2015, the date of the offense alleged in the indictment, the defendant, Jeff North, had been previously convicted of a crime punishable by imprisonment for a term exceeding one year within the meaning of Title 18 United States Code Section 922(g)(1). It is so stipulated and agreed this 5th day of December 2017.[28]

Then, upon questioning, North admitted to his three previous felon-in-possession convictions.[29]

---

[26] ECF 144 (Sentencing Hr'g), at 10–11.

[27] *Id.* at 15–16, 28.

[28] ECF 126 (Trial Tr. Vol. II), at 140:19–24.

[29] *Id.* at 209:17–210:15; 213:17–20.

Based on the evidence admitted at trial and the record of the case, it is clear that North knew of his felony status. *United States v. Ward*, 796 F. App'x 591, 600 (11th Cir. 2019) ("The fact that Ward received multiple sentences of more than one year of imprisonment for serious felonies—and in fact served nearly eight years in prison—indicates that he knew that his prior offenses were punishable by more than one year of imprisonment."); *United States v. Gilcrest*, 792 F. App'x 734, 739 (11th Cir. 2019) ("The record shows that at the time of the offense, Gilcrest knew he had been convicted of a crime punishable by more than a year in prison because he had served more than a year in prison on more than one occasion. He also had a prior conviction for possessing a firearm as a felon, which was enough on its own to inform him of his status."); *see also Rehaif*, 139 S. Ct. at 2198 ("[K]nowledge can be inferred from circumstantial evidence.") (citing *Staples v. United States*, 511 U.S. 600, 615 n.11 (1994)).

Given the indisputable evidence of North's knowledge of his felony status, the Court finds that North cannot show actual prejudice from the *Rehaif* error. Additionally, North does not allege,[30] nor could he prove, actual innocence. "To establish actual innocence, petitioner must demonstrate that, in light of all the

---

[30]   ECF 154, at 17 n.59.

evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley*, 523 U.S. at 623 (citations omitted). Given the evidence presented at trial of his prior felon-in-possession convictions and his stipulation to having committed a crime punishable by a term of imprisonment exceeding one year, North cannot meet the necessary standard. Accordingly, North has failed to overcome the procedural default rule.

### b. Plain Error Review

Even if North could overcome the procedural default bar, he would not be entitled to relief under the requisite plain error review. To establish plain error, North "must prove that an error occurred that was both plain and that affected his substantial rights." *Reed*, 941 F.3d at 1021 (citing *United States v. Olano*, 507 U.S. 725, 732 (1993)). If he succeeds, the court may, "in [its] discretion, correct the plain error if it 'seriously affects the fairness, integrity, or public reputation of judicial proceedings.'" *Id*. In order to correct an unpreserved error, "the error must have been prejudicial: It must have affected the outcome of the district court proceedings." *Moore*, 954 F.3d at 1337 (citing *Olano*, 507 U.S. at 734). Accordingly, North "must 'show a reasonable probability that, but for the error,' the outcome of the proceeding would have been different." *Molina-Martinez v. United States*, 136

S. Ct. 1338, 1343 (2016) (quoting *United States v. Dominguez Benitez,* 542 U.S. 74, 76 (2004)).

North cannot show a reasonable probability that—but-for the *Rehaif* error—the outcome in his case would have been different: North stipulated to having committed a crime punishable by more than one year in prison and the jury heard evidence of his prior felon-in-possession convictions. Therefore, North's claims do not constitute plain error because North cannot prove that the omission affected his substantial rights.

### III.   CONCLUSION

Assuming solely for purposes of the analysis in this Order that *Rehaif* is retroactive, the Court finds that the absence of the knowledge-of-status element in North's indictment and subsequent jury conviction did not constitute a jurisdictional defect. As such, his claims are subject to and do not survive procedural default because he cannot show actual prejudice or actual innocence. Furthermore, even if North's claims had not been procedurally defaulted, his

claims would fail under plain error review. Accordingly, the Court **DENIES** North's § 2255 motion [ECF 149].

**SO ORDERED** this the 13th day of May 2020.

                                                                 _____
                                                                 Steven D. Grimberg
                                                                 United States District Court Judge